# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| ARNOLDO HERNANDEZ-SANTIAGO, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CASE NO. 7:13-CV-124-HL-MSH |
| | : 28 U.S.C. § 2241 |
| JANET NAPOLITANO, *et al.* | : |
| | : |
| Respondents. | : |

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss for mootness, filed on October 25, 2013. (ECF No. 11.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging his deportation order and the legality of his continued detention by the Immigration and Customs Enforcement. (Pet. for Writ of Habeas Corpus 2, ECF No. 1.) Along with their motion to dismiss, Respondents filed the Declaration of Deportation Officer Michael Taylor and a Warrant of Removal showing that Petitioner was removed to Mexico on October 1, 2013. (Taylor Decl. ¶ 3 & Ex. A, ECF No. 11-1.) Because of Petitioner's removal, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Notice of Pet'r's Removal & Mot. to Dismiss 1-2.) The Court agrees and recommends dismissal of this case as moot.

# DISCUSSION

## I. Petitioner's deportation moots his request for habeas relief

Through his application for habeas relief, Petitioner sought to be released from custody and sought review of his final order of removal. (Pet. for Writ of Habeas Corpus 2.) As is discussed *infra*, the Court lacks jurisdiction to determine whether Petitioner is subject to deportation. Consequently, the Court cannot review his final order of removal. The other form of relief requested by Petitioner—his release from custody—is mooted by his deportation.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

## II.     The Court lacks jurisdiction to determine removability

To the extent that Petitioner is challenging his removability, his petition should be dismissed for lack of jurisdiction. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). There is an order of removal here that can only be, and currently is being, reviewed by the Eleventh Circuit. *See generally Cover v. U.S. Attorney Gen.*, No. 13-11023 (11th Cir. 2013). This Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claims concerning whether his order for removal was "legal" or proper.

## CONCLUSION

For the reasons stated above, Petitioner's application for habeas relief should be dismissed. Respondents' motion to dismiss (ECF No. 11) should be granted and

3

Petitioner's currently pending motion to appoint counsel (ECF No. 8) should be denied as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 28th day of October, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE